IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOANN SANDERS HARTZOG,** *et al.* **PLAINTIFFS**

V. CIVIL ACTION NO. 2:16-CV-2-KS-MTP

**J. M. HACKETT,** *et al.* **DEFENDANTS**

### ORDER

Defendants filed an Appeal [80] of the Magistrate Judge's Order [69 granting Plaintiffs' Motion for Leave to Amend [55]. For the reasons below, the Court **denies** the Appeal [80].

Under Rule 72, a party may file an objection to a Magistrate Judge's order within fourteen days of being served. For nondispositive matters, the District Judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This standard of review is "extremely deferential" to the Magistrate Judge's order. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Thomas v. Hoffman-La Roche, inc.*, 126 F.R.D. 522, 524 (N.D. Miss. 1989). "As in other appeals, the court may affirm a correct order of the magistrate judge on grounds that he did not cite or that were not raised before him." *Griffin v. Raytheon Co. Long Term Disability Plan No. 558*, No. 3:04-CV-2179, 2005 U.S. Dist.

LEXIS 18720, 2005 WL 4891214, at *1 (N.D. Tex. Aug. 31, 2005).

Defendants argue that the Magistrate Judge erred in granting Plaintiffs' Motion for Leave to Amend [55]. Rule 16(b) "governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008).

> Rule 16(b) provides that once a scheduling order has been entered, it may be modified only for good cause and with the judge's consent. It requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. As to post-deadline amendment, a party must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend. Four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.

*Id.* (punctuation and citations omitted).

Once a movant has shown good cause under Rule 16(b), the Court applies Rule 15(a)'s more liberal standard. *Id.* Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Court considers five factors when addressing a motion for leave to amend: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). "A court must have a substantial reason to deny a party's request for leave to amend." *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016).

First, Defendants argue that the Magistrate Judge erred by applying Rule 15(a), rather than Rule 16(b). But the Magistrate Judge plainly applied Rule 16(b)'s good cause standard before applying Rule 15(a)'s more liberal standard, as required by the authorities cited above.

Next, Defendants disagree with the Magistrate Judge's conclusion that Plaintiffs satisfied Rule 16(b)'s "good cause" standard.[1] First, Plaintiffs explanation for the delay in seeking an amendment was less than satisfactory. Although Plaintiffs claim that they just became aware that Josh Earls and Devin Mullins have firsthand knowledge of the events leading to this suit, Defendants idenitified Earls and Mullins in their initial disclosures [60-1] on March 15, 2016, over three weeks before the amendment deadline. Defendants also produced an investigative report [60-1] which includes references to Earls and Mullins interacting with the decedent during the relevant time period, and a written statement from Mullins himself regarding the events in question. Accordingly, the first factor in Rule 16(b)'s good cause analysis weighs against allowing an amendment.

The second factor, however, weighs in favor of the amendment. Earls and Mullins were directly involved with the events that led to this action. According to Defendant Hackett's investigative report [60-1], Earls and Mullins directly observed and interacted with the decedent on the night of the events in question. Likewise, Mullins' written statement [60-1] confirms his own involvement.

---

[1] Defendants apparently do not contend that the Magistrate Judge erred in his subsequent Rule 15(a) analysis. Accordingly, the Court will not address it in this order.

As for the prejudice to the Defendants, some slight prejudice may exist, depending on whether the amendment would cause Defendants to incur additional expenses in defending against Plaintiffs' claims. However, the Court notes that Defendants have not demonstrated that they will necessarily incur any expenses that they would not have incurred if the amendment had been granted earlier in the case. Furthermore, any purported prejudice related to the short time left before the discovery period expires can be cured by an extension of the discovery deadline, which the Magistrate Judge explicitly noted in his order.

For these reasons, the Court finds that the Magistrate Judge's conclusion that Plaintiffs had shown good cause for their failure to timely seek leave to amend was not clearly erroneous or contrary to law. At least two of the four factors weigh in favor of granting the amendment. This type of motion routinely falls within a gray area where the Court would have sufficient basis for a ruling in either direction. This is such a case. Therefore, the Court can not conclude that the Magistrate Judge's decision was clearly erroneous or contrary to law.

The Court **denies** Defendants' Appeal [80] of the Magistrate Judge's Order [69] granting Plaintiffs' Motion for Leave to Amend [55]. Defendants' Motion to Stay [84] the Magistrate Judge's previous order [69] is **denied as moot**. The Court orders the parties to contact the chambers of the Magistrate Judge to schedule a teleconference to discuss the entry of a new scheduling order.

SO ORDERED AND ADJUDGED, on this, the 26th day of September, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE